# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| TERESA BRAXTON, | CIVIL ACTION |
| Plaintiff, | |
| | COMPLAINT 3:20-cv-02497 |
| v. | |
| MCDONNELL AND ASSOCIATES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** TERESA BRAXTON ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of MCDONNELL and ASSOCIATES ("McDonnell"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

1

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing within the Northern District of Texas.

6. McDonnell is a debt collection firm that collects debts from consumers throughout the country, including the state of Texas. McDonnell is a corporation organized under the laws of the state of California with its principal place of business located at 17852 East 17th Street, Suite 206, Tustin, California 92780. McDonnell's agent for service of process, Oscar Gonzalez, is located at 959 West Lamark LN, Anaheim, California 92802.

7. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Texas.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

9. Prior to the conduct-giving raise to Plaintiff's claims, Plaintiff obtained a line of credit from Crest Financial, thus incurring debt ("subject debt").

10. Subsequently, Plaintiff defaulted on the subject debt.

11. Thereafter, McDonnell acquired the right to collect upon the subject debt.

12. In April 2020, McDonnell agreed that "[T]he debt owed by Plaintiff as described in the complaint shall be deemed satisfied and McDonnell shall submit a request for deletion of its trade-line relating to the debt."

13. Both Plaintiff and McDonnell memorialized this agreement in writing.

14. Upon information and belief, McDonnell did not submit a request for deletion of its trade-line relating to the subject debt.

15. Around June 2020, Plaintiff was interested in improving her credit, so she accessed her consumer report, and much to Plaintiff's surprise, Experian was continuing to report the Account, along with derogatory information.

16. Plaintiff was perplexed by this reporting, as she and McDonnell had explicitly agreed that the subject debt would be waived and the Account would be deleted from her credit history.

17. Consequently, on July 13, 2020, Plaintiff initiated written credit disputes with Experian. Specifically, Plaintiff informed Experian that "[L]ewis McDonnell & Associates account #446167X should not be reporting at all on my credit report as this trade line was supposed to be deleted per agreement with McDonnell & Associates."

18. Upon information and belief, McDonnell received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Experian. *See* 15 U.S. Code §1681i(a)(2).

19. On August 2, 2020, Experian responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, Experian stated, "[T]he company that reported the information has

certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute."

20. In spite of the fact that the trade line was to be deleted, Experian continued to report the Account.

21. Plaintiff incurred out of pocket costs by purchasing Experian's credit monitoring services.

22. Much to Plaintiff's chagrin, Plaintiff found that Experian was continuing to inaccurately report the McDonnell trade line.

23. Plaintiff's Experian report inaccurately showed the Payment Status as "Seriously past due date."

24. The reporting of the McDonnell trade line is patently inaccurate and materially misleading because pursuant to the written agreement entered into by Plaintiff and McDonnell, the trade line pertaining to the Account was to be deleted.

25. Despite having actual knowledge that Plaintiff had no obligation on the Account and that the Account was to be deleted from Plaintiff's credit file, Defendants continued to report the Account, along with derogatory information.

26. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

27. The erroneous reporting of the Account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the Account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and is thus a high-risk consumer.

28. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

29. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of her credit monitoring through Experian, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

30. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit file.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST MCDONNELL)

31. Plaintiff restates and reallages paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

33. McDonnell is a "person" as defined by 15 U.S.C. §1681a(b).

34. McDonnell is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

35. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

36. McDonnell violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

37. McDonnell violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

38. Had McDonnell reviewed the information provided by Experian and Plaintiff and requested a deletion of trade-line relating to the subject debt, it would have corrected the inaccurate

designation of the Account, and transmitted the correct information to Experian. Instead, McDonnell wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

39. McDonnell violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

40. McDonnell violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the Account.

41. McDonnell violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit file.

42. McDonnell failed to conduct a reasonable investigation of its reporting of the Account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit file within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

43. Despite the blatantly obvious errors in Plaintiff's Experian credit file, and Plaintiff's efforts to correct the errors, McDonnell did not correct the errors or trade line to report accurately. Instead, McDonnell wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

44. A reasonable investigation by McDonnell would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Experian credit file.

45. Had McDonnell taken steps to investigate Plaintiff's valid dispute or Experian's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

46. By deviating from the standards established by the debt collection industry and the FCRA, McDonnell acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE**, Plaintiff, TERESA BRAXTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing McDonnell to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

49. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

50. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

51. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

52. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

53. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

54. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

55. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that she had no obligation on the Account and that the Account should be deleted.

56. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by not only reporting the Account with a balance, but also reporting the Payment Status as "Seriously past due date," when in fact, Plaintiff was no longer obligated to pay on the subject account.

57. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

58. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

59. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to McDonnell. Upon information and belief, Experian also failed to include all relevant information as part of the notice to McDonnell regarding Plaintiff's dispute that Experian received from Plaintiff.

60. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Account.

61. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

62. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from McDonnell that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

63. Experian knew that the inaccurate reporting of the Account would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

64. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

65. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

66. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

67. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

68. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

69. Experian acted reprehensively and carelessly by reporting and re-reporting the Account after Plaintiff put Experian on notice that the Account was to be deleted.

70. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

71. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, TERESA BRAXTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: August 24, 2020                                           Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com